IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frank Oliver Wizzard,<br><br>Plaintiff,<br><br>v.<br><br>Lewis Tree Service, Inc.,<br><br>Defendant. | CIVIL ACTION NO.: 2:26-cv-03055-BHH<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Frank Oliver Wizzard ("Plaintiff"), by and through his undersigned counsel and complaining of Lewis Tree Service, Inc. ("Defendant"), would allege and show unto this Honorable Court the following:

## JURISDICTION AND VENUE

1.      That a motor vehicle collision which caused serious injuries and significant damages to Plaintiff occurred on or about April 7, 2026 in North Charleston, South Carolina, located within Charleston County, State of South Carolina.

2.      That at the time of the subject collision, Plaintiff was a citizen and resident of Charleston County, South Carolina.

3.      That at the time of the subject collision, Defendant was, upon information and belief, and remains a foreign corporation organized and existing under the laws of the State of New York.

4.      That at all times material hereto, Defendant operated a corporation engaged in interstate commerce, and regularly and systematically conducted affairs and business activities, specifically to include utility vegetation services, storm services, and/or specialized services, in the State of South Carolina and, more particularly, Charleston County.

1

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the District of South Carolina, as the alleged acts or omissions occurred in Charleston County, State of South Carolina.

**FOR A FIRST & SOLE CAUSE OF ACTION**
(Negligence/Gross Negligence as to Defendant)

7. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

8. On April 7, 2026, at approximately 12:35 p.m., Defendant was providing utility vegetation services, storm services, and/or specialized services along and on certain highways, roadways, and right of ways in Charleston County, South Carolina, specifically to include Banyan Street in North Charleston, South Carolina.

9. In performing said utility vegetation services, storm services, and/or specialized services, Defendant was responsible for and actively conducting temporary traffic control ("TTC") operations, specifically to include guiding and/or re-routing motorists through or around Defendant's work zone through the utilization of TTC devices (e.g., channelizing devices, portable signage and warning devices, barricades and barriers, temporary signals and automated devices, etc.).

10. At all times pertinent hereto, Defendant, as the entity responsible for planning, implementing, and maintaining TTC operations within and around its work zone on Banyan Street, owed a duty to Plaintiff and to the traveling public to plan, install, maintain, and conduct such TTC operations in accordance with applicable federal and state law and industry standards, including,

2

but not limited to, the Manual on Uniform Traffic Control Devices ("MUTCD"), Part 6 (Temporary Traffic Control), as adopted and required by the South Carolina Department of Transportation.

11. Upon information and belief, at the time of the subject collision, Defendant's TTC operations in an around the work zone were insufficient, inadequate, and/or non-compliant with the MUTCD and other applicable standards, in that, among other things, Defendant failed to utilize an adequate number of properly trained flaggers and/or TTC devices to safely guide and/or re-route motorists, including Plaintiff, through or around the work zone.

12. On that same date and at that same time, Plaintiff was a restrained driver traveling north on Meeting Street Road in North Charleston, South Carolina.

13. At all times pertinent hereto, Plaintiff was acting in a reasonably careful and prudent manner.

14. As Plaintiff approached the intersection of Meeting Street Road and Banyan Street, he lawfully slowed his vehicle and activated his vehicle's turn signal, indicating his intent to initiate a right-hand turn onto Banyan Street.

15. However, at or about the same time, a vehicle being directed by Defendant's TTC operations was permitted and/or directed to proceed into the incorrect, oncoming lane of travel on Banyan Street without regard for Plaintiff's turning vehicle, of which maintained the right-of-way at all times pertinent hereto.

16. As a result of Defendant's insufficient, inadequate, and/or non-compliant TTC operations, Plaintiff was required to stop his vehicle in traffic to allow the vehicle in the incorrect, oncoming lane of travel to clear the intersection.

17.     As Plaintiff lawfully slowed his vehicle and came to a gradual, controlled stop in traffic to allow the vehicle being directed by Defendant's TTC operations to clear the intersection, his vehicle was suddenly and without warning violently struck from behind by another vehicle traveling north on Meeting Street Drive.

18.     Plaintiff suffered serious injuries and significant damages as a result of the subject collision.

19.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts of Defendant in the following particulars to wit:

a.     In failing to exercise due and proper care in the operation, control, and direction of the vehicle described herein;

b.     In failing to provide sufficient, adequate, and properly trained TTC personnel, including flaggers, to safely guide and/or re-route motorists, including Plaintiff, through and/or around Defendant's work zone;

c.     In failing to install, place, position, and/or maintain adequate TTC devices, including channelizing devices, portable signage and warning devices, barricades and barriers, and/or temporary signals and automated devices, in and around the work zone;

d.     In failing to develop, implement, and/or follow an adequate TTC plan for the work zone in and around the intersection of Meeting Street Road and Banyan Street;

e.     In violating the MUTCD, Part 6 (Temporary Traffic Control), as adopted by the South Carolina Department of Transportation, including but not limited to the standards and guidance governing temporary traffic control plans, flagger procedures, and use of TTC devices;

f.     In violating MUTCD Part 6E (Flagger Control) by failing to properly position, equip, and/or train the individual(s) directing and/or controlling traffic at the time of the subject collision;

g.     In directing, signaling, permitting, and/or allowing a vehicle to proceed into and/or through the intersection of Meeting Street Road and Banyan Street

4

without first ensuring that the intersection and Plaintiff's lane of travel were clear and safe for such vehicle to proceed;

h.   In failing to adequately warn Plaintiff and other motorists of the temporary traffic control operations, work zone, and/or associated hazards in and around the intersection of Meeting Street Road and Banyan Street;

i.   In failing to properly select, train, supervise, and/or retain competent personnel to perform TTC services on behalf of Defendant;

j.   In violating applicable statutes, regulations, and industry standards, including the MUTCD, governing the conduct of temporary traffic control operations, such violations constituting negligence *per se*; and

k.   In such other and further particulars as the evidence may show and as may be shown at the trial of this case.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

20.   As a direct and proximate result of Defendant's wanton, reckless, grossly negligent, and negligent acts as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause pain, suffering, emotional distress, loss of enjoyment of life, and other damages.

21.   Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant as set out above, as well as its violation of state law, Plaintiff is entitled to recover actual and punitive damages from Defendant as determined by a jury.

22.   Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i.   Judgment against Defendant for actual and punitive damages in an amount to be determined by the jury;

ii.   For the costs of this action; and

iii.   For such other and further relief as this court deems just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

5

**PIERCE, SLOAN, KENNEDY & EARLY, LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/ Edward J. McAlpine, III*
Allan P. Sloan, III (Fed. I.D. 6268)
J. Morgan Forrester (Fed. I.D. 12129)
R. Richard Gergel (Fed. I.D. 13170)
Edward J. McAlpine, III (Fed. I.D. 13532)
chipsloan@piercesloan.com
    morganforrester@piercesloan.com
richardgergel@piercesloan.com
treymcalpine@piercesloan.com

*Attorneys for Plaintiff*

July 27, 2026
Charleston, South Carolina

6